UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cr-20108-MGC (s)

UNITED STATES OF AMERICA

vs.

TERROD TERRALL PERSON,

>Defendant.
_____/

## FACTUAL PROFFER

Defendant, Terrod Terral Person ("defendant"), his counsel, and the United States agree that, had this case proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

On November 20, 2019, police officers executed a search warrant at a house where drug sales had taken place. Defendant and his girlfriend (G.B.) were found in the kitchen. Another individual (R.W.) was found in a hallway. Police found hundreds of small baggies in the kitchen which contained, powder cocaine, cocaine base commonly referred to as "crack cocaine," and eutylone. Additionally, in a shoebox by the front door, officers found additional baggies of cocaine. In total, law enforcement found 13.6279 grams of cocaine, 6.7221 grams of cocaine base, and 5.5678 grams of eutylone.

Within the ceiling of the living room of the house was a large access opening to the attic. Within a few feet of the opening in the attic was a loaded Rossi .38 caliber revolver.

Defendant and R.W. were placed in a police car, where they were surreptitiously recorded discussing the revolver (referred to as an "L") in the attic and who the confidential informant could be that turned them in. Defendant explained to R.W. how he had been at the house for 6 months,

and how he would screen customers, and how they were making too much money and drawing too much attention at this location.

Defendant was interviewed at the police station where he provided a written and tape-recorded statement that he was taking responsibility for everything in the kitchen -- where the drugs were found -- and that his girlfriend, G.B., had nothing to do with it.

Once defendant was taken to jail, he made a series of incriminating jail calls to his girlfriend, G.B., who was with him at the drug or "trap" house explaining his participation in the drug trafficking activity. He explained to his girlfriend, "Man, when we out that trap, when we going places, now you the boss, you the boss now, but, babe, when I'm in that f*cking house, when I'm selling drugs, I'm the f*cking boss." The defendant also explained:

> F*ck the love when I'm selling drugs. Ain't no such thing as love when I'm selling drugs babe. You know who love me? All them f*cking customers who come there – all them f*cking crackheads who come there. They love me. Why do you think every time they come back they say man, I love you? Cause they love me 'cause I'm givin[sic]them what they want.

The defendant knew that the pistol was being used in furtherance of his drug trafficking activity, but he still continued selling drugs. The defendant lamented to his girlfriend, G.B., on calls from jail that the pistol was an extra charge, and it should not have been brought into the trap, but he understood why they brought it in because R.W.'s "homeboy set them up to get [R.W.]. They think everybody do that, you can't blame them for that." In a later jail call he explained to his girlfriend how he knew his prints were on the pistol, and that's why he was arrested again. Specifically, he explained, "I might be going do more time, babe.... It's like my prints on that um, on that um, pistol.... I know it is cuz [sic] they wouldn't have came and grabbed me."

The Rossi pistol and ammunition was manufactured outside the State of Florida and traveled in interstate or foreign commerce.

At all material times, the Defendant was a convicted felon and knew that he was a convicted felon.

The facts described above are not intended to be a complete recitation of the facts of this case and are merely intended to form a basis for the undersigned defendant's knowing, willful, and intentional plea of guilty.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 4/5/22     By: _____
HAYDEN P. O'BYRNE
ASSISTANT UNITED STATES ATTORNEY

Date: 4/5/22     _____
TODD OMAR MALONE
ATTORNEY FOR DEFENDANT

Date: 4/5/22     _____
TERROD TERRALL PERSON
DEFENDANT

3